IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLINTON JOSEPH HARVELL, | * | |
| | * | Civil Action No. 20-cv-1199-PX |
| | * | Criminal Action No. 18-cr-71-PX |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is Petitioner Clinton Joseph Harvell's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. ECF No. 28. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is DENIED.

On February 7, 2018, Harvell was charged with one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841, and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). ECF No. 1. Harvell pleaded guilty to both counts on May 7, 2018. ECF No. 14. He was sentenced on September 19, 2018, to 92 months imprisonment. ECF No. 26.

On May 11, 2020, Harvell, proceeding pro se, moved to vacate his Section 922(g) conviction under 28 U.S.C. § 2255. ECF No. 28. Harvell seeks to vacate his conviction based on *United States v. Rehaif*, 139 S. Ct. 2191 (2019).[1] In *Rehaif*, the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category

---

[1] On June 4, 2020, Harvell also filed, through counsel, a separate motion to vacate that similarly sought vacatur based on *Rehaif*. ECF No. 31. Harvell's counsel later advised the Court that Harvell was dismissing the motion to vacate filed by counsel, but wished to maintain his separate petition that he filed pro se. ECF No. 34.

1

of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.  Interpreting *Rehaif*, the Fourth Circuit in *Gary* held that where the Government fails to inform a defendant of its requirement to prove this *mens rea* element of the offense, the Government's error is structural and entitles a defendant to automatic vacatur of the Section 922(g) conviction.  *Gary*, 954 F.3d at 205–07.  *Rehaif* and *Gary* marked a departure from previous Fourth Circuit precedent that did not view a defendant's knowledge of his own prohibited status as an element of an offense under Section 922(g).  *See United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995).  Harvell argues that he is entitled to vacatur of his conviction because the Government, which prosecuted this case prior to *Rehaif* and *Gary*, failed to inform him of its requirement to prove *mens rea* as to his felony status, and thus his plea was not knowing and voluntary.  ECF No. 28 at 4.

Subsequent to the filing of this motion, however, the Supreme Court reversed *Gary* in *Greer v. United States*, 141 S. Ct. 2090 (2021), concluding that *Rehaif* errors are not structural errors requiring automatic vacatur.  Rather, a defendant must satisfy the "plain-error" test and show that the Government's failure to comply with *Rehaif* affected his "substantial rights," or that there was a "reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 2096.  This requires that the defendant make "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know" he had been convicted of a crime punishable by greater than one year imprisonment, and that this evidence would have been sufficient to raise a reasonable probability that he would not have pleaded guilty.  *Id.* at 2100.  In this regard, the defendant "faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test" given that persons "ordinarily" know of their having sustained a felony offense.  *Id.* at 2097.

Harvell has not demonstrated he was unaware of his felony status at the time he

possessed the firearm. Thus, he has not demonstrated a reasonable probability that he would not have entered a guilty plea had he been informed about the Government's burden to prove the knowledge element of the offense. *See United States v. Bailey*, No. DKC-20-1372, 2022 WL 1027771, at *2 (D. Md. Apr. 6, 2022); *United States v. Watts*, No. PJM-20-1596, 2022 WL 1322658, at *3 (D. Md. May 3, 2022). Accordingly, the Court rejects Harvell's argument for vacatur based on *Rehaif*.

Harvell alternatively contends that his counsel provided ineffective assistance by failing to advise him that knowledge of one's felony status is an element of a Section 922(g) offense. ECF No. 28 at 6. But under controlling Fourth Circuit precedent at the time of his conviction, knowledge of felony status was not an element of a Section 922(g) offense. Accordingly, Harvell cannot demonstrate that his counsel's performance was objectively deficient, as required to establish an ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also United States v. Plater*, No. PJM-20-300, 2022 WL 912396, at *4 (D. Md. Mar. 29, 2022) (rejecting a similar ineffective assistance of counsel claim). His ineffective assistance of counsel claim is denied.

Lastly, Harvell argues that his conviction should be vacated because he was "unaware of § 922(g)," and that certain categories of people could violate § 922(g) by possessing a firearm. ECF No. 28 at 5. But it is well-established that "ignorance of the law . . . is no defense to criminal prosecution." *Cheek v. United States*, 498 U.S. 192, 199 (1991); *cf. Brundidge v. Streeval*, No. 20-553, 2022 WL 824843, at *9 (W.D. Va. Mar. 18, 2022) (noting that *Rehaif* "made clear that a conviction did not require knowledge of the prohibition (or of the law), but only knowledge of the *status* that gives rise to the prohibition"). Harvell's motion is denied on this ground as well.

Pursuant to Rule 11(a) of the Federal Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order, *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007), and may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2).  Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Harvell does not satisfy this standard.  Accordingly, a certificate of appealability will not issue.

For the foregoing reasons, Harvell's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 is denied.   A separate Order follows.


9/18/2023                                                                                     /S/
Date                                                                          Paula Xinis
                                                                              United States District Judge